GREEN, J.,
delivered the opinion of the court. The objection taken by the appellant’s counsel to the judgment, is perfectly well founded. The literal terms as well as the spirit of the statute, in force when the bond, upon which the action was brought, was executed, authorized no one to sue upon it but the person, who, if the statute had not been made, would have been capable of recovering in an action against the sheriff for the wrongful seizure and sale of the property taken in execution. To protect the sheriff against such action, by throwing the responsibility from him upon the plaintiff, was the sole purpose of the statute: and to extend it further, and to equitable rights or interests of any sort, which could not have been originally asserted in any action against the sheriff, would produce inextricable confusion, *as was justly urged in the argument of the appellant’s counsel. Besides, after the equitable claimant had recovered on the bond, the trustee upon the strength of his legal title, could recover the specific property from the purchaser under the sheriff’s sale.
The judgment is to be reversed, the demurrer sustained, and judgment entered for the defendants.